## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MATTER OF THE *EX PARTE* APPLICATION OF ANADARKO CHINA HOLDINGS 2 COMPANY AND ANADARKO PETROLEUM CORPORATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:25-mc-00241 |

### *EX PARTE* APPLICATION OF
### ANADARKO CHINA HOLDINGS 2 COMPANY
### AND ANADARKO PETROLEUM CORPORATION
### FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Anadarko China Holdings 2 Company ("ACH2") and Anadarko Petroleum Corporation ("APC"; together with ACH2, the "Anadarko") respectfully apply to this court for an *ex parte* Order pursuant to 28 U.S.C § 1782 (the "Application") based on the accompanying Memorandum of Law; the Declarations of Tee Su Mien, Vanessa L. Smith, and Darryl G. Stein; and all exhibits attached thereto, to take discovery from financial institutions found in this District for use in certain pending foreign proceedings in the Bahamas and Hong Kong (collectively, the "Proceedings").[1]

By this *ex parte* Application, Anadarko respectfully seeks permission under Section 1782 to serve subpoenas on seven entities likely to have wire transfer records relevant to the Proceedings,

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012). "District courts may and customarily do resolve applications for discovery pursuant to § 1782 through *ex parte* proceedings." *In re Hornbeam Corp.*, No. 14-MC-424 (Part 1) (VSB), 2015 WL 13647606, at *4 (S.D.N.Y. Sept. 17, 2015) (collecting cases), aff'd 722 F. App'x 7, 10-11 (2d Cir. 2018). If the Application is granted, Applicant will promptly serve the subpoenas, at which point the Respondents, as defined below, will have the opportunity to object.

as further explained in the Memorandum of Law: Citibank, N.A.; The Bank of New York Mellon; Wells Fargo Bank, N.A.; Bank of America, N.A.; JPMorgan Chase Bank, N.A.; Deutsche Bank AG; and The Clearing House Payments Company LLC (the "Respondents").

As set forth in the accompanying Memorandum of Law, the Application meets the three statutory requirements of 28 U.S.C. § 1782. First, the Respondents "reside" or are "found" within the Southern District of New York. Second, the requested discovery is "for use" in the Proceedings before Bahamian and Hong Kong courts. Third, Anadarko is the named plaintiffs in the Proceedings and thus an interested party.

Not only are the statutory factors satisfied, but the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, weigh in favor of the Court granting discovery here, as further explained in the Memorandum of Law. *See* 542 U.S. 241, 264-65 (2004). First, none of the Respondents are participants in the Proceedings. Second, the Bahamian and Hong Kong courts would be receptive to this Court's assistance. Third, the Application will not circumvent proof-gathering restrictions in the Bahamas or Hong Kong. Fourth, and finally, the proposed subpoena is not overbroad or unduly burdensome.

Once this Application has been assigned to a Judge of this Court, the Applicants will file a letter motion to seal certain portions of the Memorandum of Law and certain exhibits to the Declarations of Vanessa L. Smith and Tee Su Mien.

Accordingly, and for the reasons set forth in the accompanying Memorandum of Law and supporting declarations, Anadarko respectfully requests that the Court enter the proposed Order granting the Application under Section 1782.

Dated:      May 29, 2025
           New York, New York

Respectfully submitted,

/s/ Darryl G. Stein

Darryl G. Stein

darryl.stein@kobrekim.com

KOBRE & KIM LLP

800 Third Avenue

New York, New York 10022

T: +1 212 488 1200

F: +1 212 488 1220

*Attorneys for Applicants Anadarko China Holdings 2 Company and Anadarko Petroleum Corporation*